THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| John G. Berylson and Amy Berylson,<br>    Plaintiffs,<br><br>v.<br><br>1100 Architect, P.C. and David Piscuskas,<br>    Defendants. | Civil Action No. 1:21-CV-10527 |

**JOINT STATUS REPORT AND JOINT SCHEDULING
ORDER OF THE PARTIES PURSUANT TO
FED. R. CIV. P. 16 AND 26(f) AND LOCAL RULE 16.1**

Plaintiffs John G. Berylson and Amy Berylson ("Plaintiffs") and Defendants 1100 Architect, P.C. and David Piscuskas ("Defendants") hereby submit this Joint Status Report and Joint Scheduling Order Proposal pursuant to Fed. R. Civ. P. 16 and 26(f) and Local Rule 16.1, and for the Court's Consideration pursuant to the Order of the Court dated September 21, 2021 (Stearns, D.J.).

1. **Joint Status Report:**

Pursuant to the Court's Order Staying the Action and Compelling Mediation, dated April 2, 2021 ("Stay Order"), the parties began a case Mediation on July 7, 2021, before Timothy Fisher, Esq. as Mediator. The Stay Order was thereafter continued by agreement on several occasions to continue negotiations in an effort successfully conclude the Mediation before Mr. Fisher. However, no resolution of this matter was reached.

2. **Joint Statement of the Parties:**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Notice of Scheduling Conference under Fed. R. Civ. P. 16 and Local Rule 16.1, counsel for the above-named parties have jointly conferred and hereby propose the following joint pretrial schedule and joint statement:

1. Counsel for the Parties conferred by telephone pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b) on September 29, 2021.

2. Settlement Proposals: The parties agree that there have been settlement discussions between Plaintiffs' counsel and counsel for Defendants pursuant to Court-ordered Mediation. The parties and their legal counsel will discuss on-going settlement proposals on an as-needed basis, and will consult with Mediator, Tim Fisher, as appropriate.

3. Referral to Magistrate Judge: The Plaintiffs do not consent to such referral.

4. Proposed joint discovery plan and litigation schedule:

   (a) **Discovery**. The parties hereby confirm their obligation to use reasonable efforts to limit discovery in good faith as set forth in Fed. R. Civ. P. 26(b);

   **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **October 29, 2021**.

   **Amendments to Pleadings**. The Court's Stay Order stayed the running of all times for the filing of amended and responsive pleadings seven (7) days after filing of this Action. The parties shall serve amended and/or responsive pleadings, as applicable, within the remaining times afforded by the Rules of Civil Procedure commencing on the expiration of the Stay Order or September 21, 2021. Thereafter, except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **January 14, 2022.**

   **Fact Discovery - Interim Deadlines**.

   a. All requests for production of documents and interrogatories must be served by **May 16, 2022.**

   b. All requests for admission must be served by **January 13, 2023**.

   c. All depositions, other than expert depositions, must be completed by **January 13, 2023**.

**Fact Discovery - Final Deadline**. All discovery, other than expert discovery, must be completed by **February 13, 2023**.

**Expert Discovery.**

a. Plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by **February 27, 2023**.

b. Plaintiffs' trial experts must be deposed by **March 31, 2023**.

c. Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by **March 13, 2023**.

d. Defendants' trial experts must be deposed by **April 17, 2023**.

**Case Management Conference**. A case management conference will be held on _____. At the conference, among other things, the court will address whether it is appropriate to schedule a separate settlement conference, pursuant to Local Rule 16.1(F)(7).

**Dispositive Motions**.

a. Dispositive motions, such as motions for summary judgment or partial summary judgment, and motions for judgment on the pleadings, must be filed by **May 29, 2023**.

b. Oppositions to dispositive motions must be filed within 30 days after service of the motion.

**Initial Pretrial Conference.** An initial pretrial conference will be held on _____ at _____a.m./p.m. The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(D) five business days before the date of the conference, except that the parties need not include matters required by Local Rule 16.5(D)(2) or (3).

**Electronic Discovery:** At this time, the parties do not anticipate that the discovery of electronically stored information ("ESI") will present any significant issues in this action. The parties agree to meet and confer in an attempt to develop a mutually agreeable protocol for the production of ESI and emails that are responsive to requests for production by October 22,

2021. The parties will address any further issues regarding ESI during the normal course of discovery. The parties acknowledge that Fed. R. Civ. P. 26(a)(1)(A)(ii) contemplates that ESI will be provided (either by copy or by a description of category and location) with each parties' initial disclosures; however, the parties agree, as a matter of economy not to require disclosure of ESI until requests for production or interrogatories are served, and then only as responsive to those requests or interrogatories.

      (b)    **Pre-Trial Proceeding Memorandum**: A joint pre-trial memorandum in conformance with L.R. 16.5(D) shall be filed at the final pre-trial conference.

5. Phased Discovery: The Parties do not believe that the case requires phased discovery.

6. Certifications regarding each parties' consultation with counsel regarding budgets and alternative dispute resolution will be filed separately. Parties agree to submit Rule 16 Certifications by **November 12, 2021**. The Parties agree that voluntary case mediation may be of value in this case given the issues and costs of litigation.

7. Parties agree to submit a joint proposed protective order by **October 22, 2021.**

WHEREFORE, Parties hereby jointly request that this Honorable Court review and approve the proposed schedule for this action.

                                          Respectfully Submitted,

| The Defendants, | John G. Berylson and Amy Berylson, |
|---|---|
| 1100 ARCHITECT, P.C., and<br>DAVID PISCUSKAS, | By their Attorneys, |
| */s/ Paul T. Muniz* <br>Paul T. Muniz<br>pmuniz@donovanhatem.com | */s/ William S. Rogers, Jr.*<br>William S. Rogers, Jr., BBO No. 549487<br>wsrogers@princelobel.com<br>Christopher Miller, BBO No. 685219 |

| | |
|---|---|
| Thomas D. Duquette, Jr. | cmiller@princelobel.com |
| tduquette@donovanhatem.com | M. Matthew Madden, BBO No. 685738 |
| DONOVAN HATEM, LLP | mmadden@princelobel.com |
| 53 State Street, 8th Floor | Prince Lobel Tye LLP |
| Boston, MA 02109 | One International Place, Suite 3700 |
| Tel: 617-406-4500 | Boston, MA 02110 |
| Fax: 617-406-4501 | 617-456-8000 |

Dated: September 29, 2021

## CERTIFICATE OF SERVICE

I, William S. Rogers, Jr., hereby certify that on September 29, 2021, a true and accurate copy of the foregoing document was served, via email, upon all counsel of record.

/s/ *William S. Rogers, Jr.*
William S. Rogers, Jr.