# **<u>EXHIBIT B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )
JOHN G. BERYLSON and                     )         DOCKET No. 21-CV-10527-RGS
AMY SMITH BERYLSON,                       )
                                          )
        Plaintiffs.                       )
                                          )
v.                                        )
                                          )
1100 ARCHITECT, P.C., and                 )
DAVID PISCUSKAS,                          )
                                          )
        Defendants.                       )
                                          )
_____ )

### NON-PARTY SEA-DAR ENTERPRISES, INC.'S RESPONSE AND OBJECTIONS TO DEPOSITION SUBPOENA: DUCES TECUM

Non-party Sea-Dar Enterprises, Inc. ("Sea-Dar") responds and objects to 1100 Architect,

P.C.'s and David Piscuskas's Deposition Subpoena: Duces Tecum as follows:

REQUEST NO. 1

All documents or communications concerning the Project and/or the Instruments of Service.

RESPONSE NO. 1

Sea-Dar objections to this request as vague, ambiguous and unlimited in scope. Sea-Dar further

objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and

unduly burdensome as the number of documents sought given the size and extend of the Project

could amount to tens of thousands of irrelevant and many confidential documents. The request is

unreasonably cumulative and duplicative of documents that can be discovered in party discovery.

Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration

of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents

protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request

seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 2

All communications with John Berylson or Amy Berylson concerning the Project.

RESPONSE NO. 2

Sea-Dar objections to this request as vague, ambiguous and unlimited in scope. Sea-Dar further

objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and

unduly burdensome as the number of documents sought given the size and extend of the Project

could amount to tens of thousands of irrelevant and many confidential documents. The request is

unreasonably cumulative and duplicative of documents that can be discovered in party discovery.

Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration

of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents

protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request

seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 3

All communications with any other person concerning the Project.

RESPONSE NO. 3

Sea-Dar objections to this request as vague, ambiguous and unlimited in scope. Sea-Dar further

objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and

unduly burdensome as the number of documents sought given the size and extend of the Project

could amount to tens of thousands of irrelevant and many confidential documents. The request is

unreasonably cumulative and duplicative of documents that can be discovered in party discovery.

Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration

of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 4

All communications with John Berylson or Amy Berylson concerning 1100 or Piscuskas, or concerning 1100 or Piscuskas's services or involvement in the Project.

RESPONSE NO. 4

Sea-Dar objections to this request as vague, ambiguous and unlimited in scope. Sea-Dar further objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 5

All communications with any other person concerning 1100 or Piscuskas, or concerning 1100 or Piscuskas's services or involvement in the Project.

RESPONSE NO. 5

Sea-Dar objections to this request as vague, ambiguous and unlimited in scope. Sea-Dar further objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project

could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 6

All documents or communications concerning the [sic] any alleged errors or omissions concerning the Project.

RESPONSE NO. 6

Sea-Dar objections to this request as vague and ambiguous as it neither is aware of all of the alleged errors or omissions, nor would it be competent to opine on what was an error or omission as that calls for a legal conclusion. Sea-Dar further objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 7

All documents or communications concerning Sea-Dar's services or involvement in the Project.

RESPONSE NO. 7

Sea-Dar objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 8

All documents or communications concerning Sea-Dar's services or involvement in the Project.

RESPONSE NO. 8

Sea-Dar objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 9

All communications with or documents submitted to the Town concerning the Project, 1100 or Piscuskas, or the Instruments of Service.

RESPONSE NO. 9

Sea-Dar objections to this request as vague and ambiguous. Sea-Dar further objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 10

All documents created by You concerning the Project.

RESPONSE NO. 10

Sea-Dar objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege.

REQUEST NO. 11

All communication sent or received by You concerning the Project.

RESPONSE NO. 11

Sea-Dar objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 12

All documents created by You based on, developed from, using, or referencing the Instruments of Service or documents, communications or notices regarding the Instruments of Service.

RESPONSE NO. 12

Sea-Dar further objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 13

All documents created by You based on, developed from, using, or referencing the Copyright or documents, communications or notices regarding the Copyright.

RESPONSE NO. 13

Sea-Dar objections to this request as vague and ambiguous. Sea-Dar further objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 14

All communications concerning documents created by You based on, developed from, using, or referencing the Instruments of Service.

RESPONSE NO. 14

Sea-Dar objects to this request as overly broad, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-

Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production

of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that

this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 15

All communications with or concerning Rich Roberts or Truest Construction, LLC.

RESPONSE NO. 15

Sea-Dar objects to this request as overly broad, irrelevant, disproportional to the needs of the

case, and unduly burdensome as the number of documents sought given the size and extend of

the Project could amount to tens of thousands of irrelevant and many confidential documents.

The request is unreasonably cumulative and duplicative of documents that can be discovered in

party discovery. Compliance would result in significant expense to a non-party. Please see Sea-

Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production

of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that

this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 16

All communications with or concerning Bob Carlson.

RESPONSE NO. 16

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional

to the needs of the case, and unduly burdensome as the number of documents sought given the

size and extend of the Project could amount to tens of thousands of irrelevant and many

confidential documents. The request is unreasonably cumulative and duplicative of documents

that can be discovered in party discovery. Compliance would result in significant expense to a

non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 17

All documents created by, referencing or concerning Rich Roberts or Truest Construction, LLC.

RESPONSE NO. 17

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 18

All documents created by, referencing or concerning Bob Carlson.

RESPONSE NO. 18

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the

extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 19

All documents or communications concerning delays on the Project.

RESPONSE NO. 19

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 20

All documents or communications concerning permits, inspections, and/or reviews by any person concerning the Project.

RESPONSE NO. 20

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents

that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 21

All documents created by You concerning the Project.

RESPONSE NO. 21

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 22

All documents or communications concerning the dispute between the Berylsons and 1100 concerning the Project that forms the basis of the litigation between them.

RESPONSE NO. 22

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the

size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 23

All documents concerning the Project, including but not limited to plans, drawings, renderings, sketches, blueprints, pictures, video, images, design booklets, budgets, change orders, cost events, meeting agendas, meeting notes, and meeting minutes.

RESPONSE NO. 23

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 24

Your complete and entire file for the Project, including but not limited to any incomplete or ongoing drafts.

RESPONSE NO. 24

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 25

All documents or communications referencing or concerning the bidding process, cost of the work, cost of the Project or changes to the Cost of the work and any estimates thereof.

RESPONSE NO. 25

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the

extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

REQUEST NO. 26

All agreements or contracts with the owners, John Berylson and Amy Berylson, the 24 Highgate Nominee Trust, any consultants, subconsultants, contractors, or subcontractors, or agreements or contracts with any other person related to the Project.

RESPONSE NO. 26

Sea-Dar objects to this request as overly broad and unlimited in scope, irrelevant, disproportional to the needs of the case, and unduly burdensome as the number of documents sought given the size and extend of the Project could amount to tens of thousands of irrelevant and many confidential documents. The request is unreasonably cumulative and duplicative of documents that can be discovered in party discovery. Compliance would result in significant expense to a non-party. Please see Sea-Dar's Declaration of Undue Burden. Sea-Dar further objects to the extent that it seeks production of documents protected by the attorney-client privilege. Sea-Dar also objects to the extent that this request seeks documents that are equally or more readily available to Defendants.

Respectfully submitted,
Sea-Dar Enterprises, Inc.
By its attorneys.


/s/ Kenneth A. Newberg
DAVID E. WILSON
B.B.O. # 541968
KENNETH A. NEWBERG
B.B.O. # 568930

Corwin & Corwin LLP
600 Unicorn Park Drive
Woburn, MA 01801
(617) 742-3420

Dated: February 8, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2022, I caused the foregoing as well as the Declaration of John Kruse to be served by e-mail and first-class mail, postage pre-paid, on the attorneys of record as follows:

Paul T. Muniz
pmuniz@donovanhatem.com
Barry Rothchild
brothschild@donovanhatem.com
Christopher Redd
credd@donovanhatem.com
Thomas D. Duquette, Jr.
tduquette@donovanhatem.com
DONOVAN HATEM, LLP
53 State Street, 8th Floor
Boston, MA 02190

William S. Rogers, Jr.
wsrogers@princelobel.com
Christopher Miller
cmiller@princelobel.com
Matthew Madden
mmadden@princelobel.com
Lauren Koslowsky
lkoslowsky@princelobel.com
Prince Lobel Tye LLP
One Interenational Place
Boston, MA 02110

*/s/ Kenneth A. Newberg*
Kenneth A. Newberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )                    DOCKET No. 21-CV-10527-RGS
                                                      )
JOHN G. BERYLSON and                                  )
AMY SMITH BERYLSON,                                   )
                                                      )
      Plaintiffs.                                  )
                                                      )
v.                                                    )
                                                      )
1100 ARCHITECT, P.C., and                             )
DAVID PISCUSKAS,                                      )
                                                      )
      Defendants.                                  )
                                                      )
_____ )

DECLARATION OF JOHN KRUSE IN SUPPORT OF NON-PARTY SEA-DAR
ENTERPRISES, INC.'S OBJECTION TO DEFENDANT'S SUPOENEA
DUE TO UNDUE BURDEN

      I am John Kruse, Vice-President of Non-party Sea-Dar Enterprises, Inc. ("Sea-Dar"),

make the following declaration under the penalties of perjury:

1.   I hold the position of Vice-President of Non-party Sea-Dar Enterprises, Inc. and have

     personal knowledge of the matters contained in this declaration.

2.   I reviewed the twenty-six (26) requests for documents contained in the Deposition

     Subpoena: Duces Tecum issued by attorney Thomas D. Duquette, Jr. pursuant to Federal

     Rule Civil Procedure 45 in the matter of *John G. Berylson and Amy Smith Berylson v.*

     *1100 Architect, P.C. and David Piscuskas*, Civil Action No. 21-CV-10527-RGS.

3.   Sea-Dar is mid-sized closely-held business without any in-house lawyers or employees

     who have the spare capacity to respond to this non-party subpoena without incurring

     significant expense by way of reallocating an employee's time to search for documents

     that I estimate will take no fewer than 2-5 business days. Once an employee finishes this

search, of mostly irrelevant documents many of which are already in their, or the plaintiff's custody or control, then I will need to send these documents to our outside counsel at considerable expense to conduct the necessary pre-production review. Conducting this search and review is estimated to cost Sea-Dar $4,000-10,000. For a company of our size, we cannot afford to lose access to the employee who would respond to those broad requests and incur this large unbudgeted expense. Doing so would place an undue burden on our company, and especially our daily ongoing operations.

4.   The requests themselves are facially overbroad, request what can only be irrelevant information to their dispute that is sensitive and proprietary to Sea-Dar. For example, Defendants issued many requests that are unlimited in scope and may concern other projects or matters: "All communications with or concerning Rich Roberts or Truest Construction, LLC." A separate request seeks all communication with or concerning Bob Carlson.

5.   Most if not all of the documents that would likely be relevant to any dispute between the parties would already be in the possession of parties or other non-parties who have the same if not better access to the documents. For example, Requests 2 and 4 pertain to communications between Sea-Dar and the parties. Clearly the parties have all of those communications already. Requests 15 and 16 pertain to communications between Sea-Dar and Rich Roberts, Bob Carlson and Truest, who work for the Berlysons, and all those documents should be readily available from them. In Request 9, the Defendants request: "All communications with or documents submitted to the Town concerning the Project, 1100 or Piscuskas, or the Instruments of Service." 1100 and Piscuskas, as the parties issuing the subpoena, already possess all the records, if any, that are responsive to this

request. Further, a Public Records Request would produce any documents provided to the Town. Requesting these types of documents that are on their face within their own client's possession or easily accessible to their own clients belies their obligation to take reasonable steps to avoid imposing undue burden or expense on Sea-Dar and would result in lost earnings and incur reasonable attorney's fees upon Sea-Dar unnecessarily.

6. Further, many of these requests are unintelligible, such as Request 13 and 14: "All documents created by You based on, developed from, using, or referencing the Copyright or documents, communications or notices regarding the Copyright." "All communications concerning documents created by You based on, developed from, using, or referencing the Instruments of Service." I simply do not know how to respond to requests such as these.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2022.

John Kruse
Vice-President
Sea-Dar Enterprises, Inc.