IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| JOHN G. BERYLSON and | ) | NO. 21-CV-10527-RGS |
| AMY SMITH BERYLSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1100 ARCHITECT, P.C., and | ) | |
| DAVID PISCUSKAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS, 1100 ARCHITECT, P.C. AND DAVID PISCUSKAS'S MOTION TO COMPEL NON-PARTY BERKSHIRE WILTON PARTNERS, LLC'S COMPLIANCE WITH THE JANUARY 25, 2022 SUBPOENA

NOW COME Defendants, 1100 Architect, P.C. and David Piscuskas, FAIA, (collectively, "1100") and hereby moves this Court pursuant to Local Rule 37.1 and FRCP Rule 45, and submits this motion to compel non-party Berkshire Wilton Partners, LLC's ("BWP") compliance with the January 25, 2022 subpoena to produce all paper documents and electronically stored information (ESI) in its possession, custody, or control related to the design and construction project taking place at the Plaintiffs' property located at 38 and 44 Highgate Road in the Town of Wellesley, Massachusetts (the "Project") and its Privilege Log without further delay and not later than August 12, 2022.

## FACTUAL BACKGROUND

1. This matter arises from a straightforward payment dispute between 1100 and the Plaintiffs stemming from architectural services for the multimillion-dollar renovation and expansion of the plaintiffs' home in Wellesley Hills, Massachusetts initially conceived in 2015.

2. BWP is a construction company that has been aware of the Project since the initial bidding phase for construction in 2016. Although it did not initially bid on the Project, BWP became involved in the Project in or around January 2019 when issues with the first general contractor, Sea-Dar Enterprises, Inc. ("Sea-Dar"), led to Sea-Dar's termination by the plaintiffs and the need for a new general contractor.

3. Shortly after Sea-Dar was terminated in February of 2019, BWP was selected and began negotiations with the Plaintiffs to serve as the new general contractor on the Project. On information and belief, BWP has been and continues to be the general contractor on the Project since the Spring of 2019.

4. On January 25, 2022, in conjunction with the present litigation, Defendants served a Subpoena Duces Tecum on BWP pursuant to FRCP 45(a)(4) seeking twenty-eight categories of documents. See Subpoena attached hereto and marked as **Exhibit A**. On February 8, 2022, BWP, by and through counsel, served its responses and objections to the subpoena, agreeing to produce non-privileged documents responsive to each request. See BWP's Response to 1100's Subpoena attached hereto and marked as **Exhibit B**.

5. On March 16, 2022, BWP's counsel informed 1100's counsel that production was in process and BWP anticipated some movement in the next two weeks. See Email

|     | |
| --- | --- |
|     | Chain Between Donovan Hatem LLP and John Shaban, Esq. attached hereto and marked as **Exhibit C** at 11. |
| 6.  | On May 5, 2022, having received no further communications, 1100 followed up. BWP replied nineteen days later on May 24th, saying "We are compiling documents and hope to be in a position to start producing in appx two weeks." See **Id.** at 9-10. |
| 7.  | On June 7, 2022, still having received no documents or communications from BWP, 1100 followed up again. See **Id.** at 9. On June 14, 2022, BWP replied, "We were delayed in getting our documents gathered, but are well under way and in the process of reviewing same now. I hope to [be] able to start a rolling production in a week or so." See **Id.** |
| 8.  | In response to BWP's June 14, 2022 email, 1100 advised BWP of the impending discovery deadline and requested to meet and confer to agree to the dates and substance of BWP's production. See **Id.** at 8. On Friday, June 17, 2022, Attorney Barry Rothschild and Attorney Thomas Duquette for 1100 and Attorney John Shaban for BWP held a conference call wherein they all agreed that 1100 should receive the first rolling production from BWP by the end of the following week and everything by July 8, 2022. See **Id.** at 6. |
| 9.  | On July 1, 2022, in response to a June 29th follow up from 1100, BWP emailed 1100 saying, "I expect to have a first round of documents early next week." See **Id.** at 5. |
| 10. | On July 12, 2022, 1100 called and emailed BWP saying, "we have been expecting your document production for some time now. I believe our prior discussions have met the Local Rule 7 requirements, but if not, please let me know when we can talk this week. I know you're doing your best to get documents to us, but if we don't have |

your [client's] production by next week I am afraid we will have to seek court intervention."[1] See **Id.** at 4.

11. On July 13, 2022, BWP replied to the prior day's email, saying only as to document production, "Docs very soon." See **Id.** at 3.

12. On July 20, 2022, 1100 called and emailed again saying, "[j]ust left you a voicemail regarding your client's document production. Please give me a call as soon as possible to meet & confer. If we do not have your production we will have to file a motion to compel on Monday. Obviously, that is not something we want to do, but the deadlines we are dealing with in this matter require that at this point." See **Id.** at 3.

13. 1100 and BWP then had another telephone call in which Attorney Shaban advised he had some documents ready to go and would speak with his document vendor to confirm. Shortly after that, BWP emailed saying, "I have 650 documents ready to go. To whom should we send them? We have another ~20K of documents that appear to be responsive, so my goal is to start sending them in batches soon. Same question, to whom should I send them?" See **Id.** at 2-3.

14. 1100 responded, "Suffice it to say, I am surprised to learn there are only 650 documents ready to go. For the remaining ~20,000, I need more information as to what you are saying. Can you please specify (1) the reason these need to be produced in batches and they are not all ready to be turned over now, (2) when we can expect the first batch, and (3) when Berkshire Wilton Partners' production will be completed." See **Id.** at 2.

---

[1] On July 11, 2022, plaintiffs and defendants filed a Second Joint Motion for Extension of Time to October 16, 2022 to Complete Fact Discovery (Dkt. No. 60), wherein 1100 agreed to notify BWP and the other subpoenaed third parties of the urgency of their production and that it would seek the Court's intervention no later than two weeks from the filing of the motion, should it be necessary.

15. The following day, BWP's counsel responded saying only, "Sending appx 600 today to [Attorney Rothschild's] email … will follow with appx 1500, review and compilation has been complex, and continues If/when we get the bigger batch we may use an FTP.  Goal is a week to or so to finish," <u>however</u>, forty minutes later BWP emailed again saying, "Misspoke/dictated … Goal is a week or so to finish the first batch – which is the ~600 today and another ~1500 or so early next week Goal is to be mostly done with the entire review in 3~4 weeks.  Its a lot of documents and review I understand depos are now being scheduled in September." <u>See</u> **Id.** at 1-2.

16. In response to BWP, 1100 advised, "We understand what you're saying, however, we feel three weeks unreasonable given the service date of the subpoena. As we have advised you, we have a Monday deadline for discovery motions as the third-party document production. Please advise as to your availability for a Local Rule 7.1 Conference this afternoon or tomorrow so can figure out a way to resolve this." <u>See</u> **Exhibit C** at 1. BWP's counsel has not produced any additional documents or otherwise responded to 1100's request.

17. Between BWP's first and second emails on July 21, 2022, BWP produced 647 documents to 1100, all of which are non-substantive emails confirming "Field report submissions have been received" by PlanGrid, BWP's construction productivity software. <u>See for example</u> BWP's Bates No. BWP_000001 attached hereto and marked as **Exhibit D**. BWP has not produced any additional documents or ESI or otherwise responded to 1100's July 21st requests as of the filing of this Motion.

## LEGAL STANDARDS AND ARGUMENT

1100 is entitled to a discovery Order compelling BWP to produce all documents responsive to the subpoena served on BWP on January 25, 2022 along with a Privilege Log as soon as possible and no later than August 12, 2022. BWP has no factual and/or legal basis to withhold its production or justification for any further delay. While BWP acknowledges through its February 8, 2022 response to 1100 and its subsequent representations that it is required to produce its relevant non-privileged documents and ESI to 1100, its behavior to date shows it will not do that without this Court's intervention. Pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, "[a] command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D) (emphasis added). Furthermore, Rule 45(e) empowers the court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

BWP has had over six months to produce documents and ESI to 1100 yet has produced nothing more than a handful documents evidencing the transmission and existence of other documents. Through its counsel, BWP has dangled 1100 on a hook for as long as it can to delay and avoid its obligations. The Scheduling Order in this matter has been extended twice by this Court already and fact discovery is scheduled to end on October 17, 2022, not to mention all other deadlines in the Scheduling Order. In that time, the parties will need to conduct at least fifteen depositions, including a deposition of BWP's owner, Paul Reiss. If 1100 does not have the documents it is entitled to in a timely matter, it cannot adequately or effectively conduct and defend those depositions nor can it meet the Court's other deadlines imposed in the current Scheduling Order.

BWP has no basis for withholding documents and ESI from 1100. It has been given more than six months to collect and produce its responsive non-privileged documents and ESI and has no good cause for not completing its full production. It has, however, made at least eight representations that documents would be coming soon, the last of which set forth another three to four weeks with the note, "I understand depos are now being scheduled in September." It is obvious that BWP is attempting to improperly and unfairly prejudice 1100 by delaying its document production for as long as possible and give 1100 the smallest window of time it can have to review BWP's production and prepare for Mr. Reiss's impending deposition. 1100 cannot effectively complete discovery in the time allotted by the Scheduling Order if BWP and others do not produce documents and ESI by August 12, 2022.

## COMPLIANCE WITH LOCAL RULE 37.1

Counsel for 1100 contacted counsel of record for BWP on multiple occasions from March 16, 2022 and July 21, 2022 requesting discovery conferences to set an agreed to date for BWP's complete production. Several calls have been conducted, the last of which was on July 21, 2022 between 1100's counsel, Barry S. Rothschild, Esq. and BWP's counsel, John T. Shaban, Esq. participating. The parties discussed the production of documents and ESI from BWP and have always agreed production would be timely completed. After the parties' final conference call, BWP informed 1100's counsel for the first time that it would not be able to complete production for another three to four weeks despite agreeing to complete production by July 8, 2022 on June 17, 2022. 1100 has made every effort to communicate with BWP's counsel and agree to the timely production of documents and ESI, however, BWP has not abided by its counsel's own representations. 1100 believes it has complied fully with the spirit and the requirements of Local Rule 37.1 based on the history of communications set forth herein.

**CONCLUSION**

WHEREFORE, 1100 respectfully requests that this Motion to Compel Berkshire Wilton Partners, LLC's Compliance with the Subpoena be ALLOWED and such other relief as the Court deems appropriate.

Respectfully Submitted,

The Defendants,
1100 ARCHITECT, P.C., and
DAVID PISCUSKAS,

 /s/ Barry S. Rothschild
Paul T. Muniz
pmuniz@donovanhatem.com
Barry S. Rothschild
brothschild@donovanhatem.com
DONOVAN HATEM, LLP
53 State Street, 8th Floor
Boston, MA  02109
Tel: 617-406-4500
Fax: 617-406-4501

Dated: July 25, 2022

## CERTIFICATE OF SERVICE

      I, Barry S. Rothschild, hereby certify that, on this 25th day of July 2022, I caused a true and correct copy of the foregoing document to be served upon counsel of record herein via the Court's electronic filing system in accordance with the applicable rules of the Court. I further certify that I caused a true and correct copy of the foregoing document to be served upon counsel for non-party Berkshire Wilton Partners, LLC via electronic mail:

John T. Shaban, Esq.
LEVINE & LEVINE, LLC
2 Jefferson Plaza, Suite 100
Poughkeepsie, NY 12601

29 Ledgewood Road
Redding, CT 06896
Tel: (203) 856-3885
john@levinelevinelaw.com

                                                                */s/ Barry S. Rothschild*
                                                                Barry S. Rothschild