IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN G. BERYLSON and<br>AMY SMITH BERYLSON,<br><br>          Plaintiffs,<br><br>v.<br><br>1100 ARCHITECT, P.C., and<br>DAVID PISCUSKAS,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 21-CV-10527-RGS |

**THIRD JOINT MOTION OF THE PARTIES TO MODIFY THE
SEPTEMBER 30, 2021 SCHEDULING ORDER**

The Parties, Plaintiffs John G. Berylson and Amy Smith Berylson ("Plaintiffs") and Defendants 1100 Architect, P.C. ("1100"), and David Piscuskas ("Defendants") jointly move, pursuant to Local Rule 16.1(g), to modify all remaining dates set forth in the Scheduling Order entered on September 30, 2021 (*Dkt*. 33) ("Scheduling Order") and extended by the Court on July 11, 2022 (*Dkt*. 61) ("Modification Order") by an additional twenty-five (25)-to-thirty (30) calendar days to allow both Parties and Third-Parties to complete witness depositions, conduct post-deposition discovery supplementation, and allow the Parties' expert witnesses additional time to incorporate the remaining deposition testimony and any potential additional document productions before making their requisite expert witness disclosures and final reports. Additionally, there are two pending motions to compel documents, information, and compliance with the ESI Stipulation and Order ("ESI Protocol") brought by the plaintiffs and requests by the defendants, with ongoing meet and confer discussions regarding plaintiffs' document productions, The Parties have conferred and jointly state as follows in support of this motion:

1

4328874.v1

1.	The Parties have been conducting written discovery on this matter since November 9, 2021, and in addition to providing initial disclosures, as amended, have, thus far, timely served and responded to each other's written interrogatories, requests for production of documents, and requests for admissions, as required by the Court's Original Scheduling Order.

2.	As of the filing of this Motion, the Parties have produced all undisputed, responsive non-privileged documents, and have exchanged privilege logs in accordance with the Court's ESI Protocol. The Defendants' production is comprised of four rolling production volumes of over 162,000 documents totaling over 2,000,000 pages. The Plaintiffs' production is also comprised of nine rolling production volumes of 6,117 documents totaling 11,878 pages.

3.	From January 25, 2022 to February 3, 2022, Defendants served document subpoenas on five of the current and former contractors and consultants hired either directly by the Plaintiffs or on their behalf by 1100 and/or the Plaintiffs' contractors in connection with various aspects of the Plaintiffs' construction and renovation Project at issue: Tru-Est Construction, LLC; Robert Carlson d/b/a Silica Pond; Lee F. Mindel, PLP; Berkshire Wilton Partners, LLC; and Sea-Dar Enterprises, Inc. (collectively the "Third-Party Project Participants"). These five non-parties have produced over 69,000 documents. In August 2022 Defendants served additional document subpoenas on Project consultant, Thornton Tomasetti, Inc., and the new Project architect, Martin Partners Architecture + Design LLP ("Martin Partners"). Martin Partners made its first production on August 29, 2022, and to date has produced over 23,000 pages of documents. Thornton Tomasetti responded to Defendants' subpoena on October 3, 2022, but has not yet produced any documents. Altogether, to date, the Third-Party Project Participants have produced over 76,000 individual documents, substantially beginning no earlier than July 2022.

4. On May 11, 2022, and again on July 11, 2022, the Court partially granted the Parties' Joint Motions for Modification (*Dkt*. 58, 61) and issued Modification Order(s) allowing an additional six of nine requested months to complete fact discovery.

5. Since that time, the Parties have continued their accelerated efforts to produce documents, including Defendants' retaining of an outside team of twenty (20) contract attorneys to assist in completing a review of the more than 160,000 documents responsive to the Plaintiffs' search terms. At the same time, the Plaintiffs' counsel's team of six lawyers and one paralegal retained an outside team of up to nineteen (19) additional contract attorneys to assist in completing a review their own documents for production as well as the review of the same 160,000 documents produced by the Defendants. All parties have had to review the 76,000 documents produced by the third-parties to date.

6. The Parties noticed a total of eighteen (18) fact-witness and party depositions, including all the named individual parties and 1100 pursuant to Rule 30(b)(6) (collectively, the "Depositions") in an attempt to schedule and complete those by October 17, 2022; a feat that the Parties believe is only partially achievable on the grounds set out in Paragraph 8 below.

7. Beginning on August 25, 2022, and continuing up through the filing of this Motion, the Parties conducted the first ten (10) of eighteen (18) depositions on the following dates:

    a. Andrew Shalk (formerly of 1100); 8/25/2022;

    b. Fani Christina Papadoupolu (formerly of 1100); 8/26/2022;

    c. Spencer Leaf (formerly of 1100); 9/7/2022;

    d. Robert Carlson (third-party witness); 9/9/2022;

    e. Paul Reiss of Berkshire Wilton Partners (third-party witness); 9/22/2022;

    f. Rule 30(b)(6) Deposition of Sea-Dar Enterprises, Inc.; 9/27/2022

      g. Edward Parker (of 1100); 9/28/2022;

      h. Robert Lipson (of 1100); 9/29/2022;

      i. Rule 30(b)(6) Deposition of Martin Partners Architecture + Design LLP (third-party witness); 10/4/2022;

      j. Rule 30(b)(6) Deposition of Lee F. Mindel Architect, PLP (third-party witness); 10/6/2022.

8. As of the filing of this Motion, the Parties have the following depositions scheduled on these dates:

      a. Rule 30(b)(6) Deposition of 1100; 10/11/2022;

      b. Betty Gonzalez (of 1100); 10/12/2022;

      c. John G. Berylson; 10/14/2022;

      d. David Piscuskas; 10/18/2022;

      e. Richard Roberts (third-party witness originally scheduled for 9/20/2022, but had to be postponed due to COVID); 10/19/2022;

      f. Amy Smith Berylson; 10/21/2022.

9. The following depositions remain unscheduled as of the filing of the Motion:

      a. Rule 30(b)(6) Deposition of Thornton Tomasetti, Inc. (third-party witness); and

      b. Eric Schaffer of Berkshire Wilton Partners (third-party witness).

10. Since the Modification Order(s) issued, the Parties have been engaged in regular telephone conversations and email correspondence with each other and the Third-Party Project Participants to produce voluminous documents, coordinate availability of all counsel and witnesses for the Depositions, and to resolve the issues that have resulted in the filing of two, pending

4

motions to compel the production of documents and information, which have yet to be fully briefed and adjudicated.

11. Despite their best efforts to meet the deadlines in the Modification Order(s), the Parties do not believe fact discovery can be completed by October 17, 2022, for the following reasons:

 a. As detailed further above, there remain eight (8) depositions to complete before October 17, 2022, but despite the Parties', and the third-party witnesses', best efforts, there are simply not enough days left in the schedule to conduct these depositions without sacrificing valuable planning and preparation time for the witnesses and counsel.

 b. Despite best efforts, document productions by the Parties and Third-Party Project Participants have remained more time consuming than anticipated and hoped for even though the Partis have largely completed the production and review of each other's respective document productions. The additional time spent on finalizing the production and review of the Parties' document productions, resulted in depositions beginning in earnest only towards the very end of August 2022.

 c. The Third-Party Project Participants' Keeper of Record document productions remain incomplete due to the large volume of documents to be provided in response to Defendants' search terms despite Defendants' efforts to inform them of the fact discovery deadline.

 d. To develop an orderly record of this complex Project, the Parties wish to depose third-party (non-party) witnesses prior to party witnesses, however, the limited

availability of all witnesses and counsels' schedules make this impossible to complete before October 17, 2022.

e. The parties have a dispute concerning the proper scope of discovery of personal device data in the case and a dispute concerning compliance with the ESI Protocol (*Dkt*. 41). For the sake of brevity because the nature of these disputes are the subject of two pending motions (*Dkt*. 73, 75), the Parties were unable to resolve their disputes, which resulted in the filing of these pending motions. Depending on the outcome of these pending motions, the Parties may require additional time to produce the documents and information, or to obtain compliance with the ESI Protocol, as alleged by the Plaintiffs in their pending motions, which cannot reasonably be expected to occur before October 17, 2022.

f. The parties have a dispute concerning the proper scope of discovery of documents in the plaintiffs' possession, custody, and control, including documents in plaintiffs' attorneys' possession, and claims of privilege to withhold certain documents by both the plaintiffs and third-parties under assertions of joint defense. While the parties have been actively discussing these issues in good faith, a motion on the issue may be forthcoming.

g. The parties have a dispute concerning the propriety of Defendants' deposing Plaintiffs' attorney for the Project. Defendants wish to depose Jonathan Grippo. The Parties have agreed to postpone Attorney Grippo's deposition until last and after Defendants have deposed other witnesses and can better assess whether this measure is necessary and proper.

12. As such, despite best efforts of the parties, fact discovery cannot be completed by October 17, 2022, nor can expert discovery commence on November 14, 2022, and be completed by January 18, 2023, as set forth in the Modification Order. The Parties hereby move and request that the fact discovery deadline be extended by twenty-five (25) additional days, with the remaining items on the Scheduling Order extended by thirty (30) additional days, as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery Closes | October 17, 2022 | November 10, 2022 |
| Opening Expert Reports | November 14, 2022 | December 14, 2022 |
| Rebuttal Reports | December 12, 2022 | January 11, 2023 |
| Expert Discovery Closes | January 18, 2023 | February 17, 2023 |
| Dispositive Motions (if any) | February 16, 2023 | March 19, 2023 |
| Oppositions (if any) | March 13, 2023 | April 12, 2023 |
| Reply | By leave of court only | By leave of court only |

13. The Parties have and continue to work diligently in discovery of this matter and, due to the sheer volume of relevant documents and number of depositions and availability of deponents, both sides require twenty-five (25) more days to complete their respective fact discovery plans, which necessitates an adjustment to all subsequent dates in the Scheduling Order of approximately thirty (30) days each, respectively.

14. The Parties make this request based on the current status of discovery and availability of witnesses and counsel.

15. This extension is requested to prevent prejudice to the Parties and allow the Parties the necessary time for full development of the facts and a complete understanding of the respective the merits and weaknesses of their respective cases.

**WHEREFORE**, the Parties respectfully request that the Court grant this Motion in full as set forth herein in the interests of justice and fairness.

| Respectfully submitted: | Respectfully submitted: |
|---|---|
| Plaintiffs,<br>JOHN G. BERYLSON and<br>AMY SMITH BERYLSON,<br>By their attorneys, | Defendants,<br>1100 ARCHITECT, P.C. and<br>DAVID PISCUSKAS,<br>By their Attorneys, |
| ___/s/ William S. Rogers, Jr.___<br>William S. Rogers, Jr. (BBO No. 549487)<br>wsrogers@princelobel.com<br>Christopher Miller (BBO No. 685219)<br>cmiller@princelobel.com<br>Kenneth A. Sherman (BBO No. 569293)<br>ksherman@princelobel.com<br>Matthew Madden (BBO No. 685738)<br>mmadden@princelobel.com<br>Lauren Koslowsky (BBO No. 705541)<br>lkoslowsky@princelobel.com<br>**Prince Lobel Tye LLP**<br>One International Place<br>Boston, MA 02110<br>Tel: 617.456.8000 | ____/s/ Barry S. Rothschild_____<br>Paul T. Muniz (BBO No. 564786)<br>pmuniz@donovanhatem.com<br>Barry S. Rothschild (BBO No. 689058)<br>brothschild@donovanhatem.com<br>Thomas D. Duquette, Jr. (BBO No. 694846)<br>tduquette@donovanhatem.com<br>**DONOVAN HATEM LLP**<br>53 State Street, 8th Floor<br>Boston, MA 02109<br>Tel: 617.406.4500 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I served the forgoing document on counsel for all parties via electronic mail in accordance with the applicable rules of civil procedure and rules of the Court.

 /s/ Kenneth A. Sherman
Kenneth A. Sherman