# Exhibit 102

| | |
|---|---|
| **From:** | Grippo, Jonathan <JGrippo@GOULSTONSTORRS.com> |
| **Sent:** | Tuesday, November 10, 2020 3:21 PM |
| **To:** | Rogers, William S., Jr. |
| **Subject:** | FW: |



**Jonathan A. Grippo**
Direct (212) 878-5141
Direct Fax (212) 878-5541

jgrippo@goulstonstorrs.com

*goulston*&storrs
885 Third Avenue * 18th Floor * New York, New York 10022

*****************************************************************************
**This communication is intended only for the use of the individual or entity named as the addressee. It may contain information which is privileged and/or confidential under applicable law. If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at (212) 878-6900 or via return Internet e-mail to jgrippo@goulstonstorrs.com and expunge this communication without making any copies. Thank you for your cooperation.**

---

**From:** Grippo, Jonathan
**Sent:** Friday, October 16, 2020 5:59 PM
**To:** Jack Van Horne <jvh@reeveandvanhorne.com>
**Subject:** RE:

Jack –

Left a message to discuss. This response is unfortunate.

Again, I must stress, 1100 unilaterally, and without notice, converted the agreement to an hourly rate basis. Based on this decision, 1100, without support or back-up, has presented an amount it is allegedly owed in excess of $600K, despite its own certification as early as March 2020 that all of the design phases were 100% complete and CA services partially complete. In sum, 1100 allegedly incurred hundreds of thousands in fees without notice, support or authorization. 1100 maintains it is owed 100% of the $600K+, but based on the most recent invoice, where 1100 improperly charged for legal costs (as an example), we question the veracity of this claim. Despite this, the deal offered by John showed his good faith to resolve this matter and pay, over a reasonable period of time based on reasonable grounds, the full balance of 1100's alleged outstanding fees without scrutiny or review (and without the actual invoices in hand).

Further, 1100's decision to improperly convert the agreement to hourly fails to account for the factors that caused 1100's services to be extended beyond the date set forth in the agreement. Certainly, 1100 has caused such delay, the only question is the extent. To be sure, Owner believes 1100 bears primary responsibility.

Therefore, Owner demands that all supporting back-up to support all of the fees paid to date including, without limitation, the alleged outstanding fees be provided to Owner immediately, but in no event later than noon on Tuesday, October 27th. We reject your contention that Owner somehow waived such request. The agreement doesn't support this, and even if such waiver could be asserted against Owner, 1100's failure to submit an invoice for 6 months, makes this argument mute. Finally, 1100 will have to support its claim for reimbursement in an arbitration in any case, which is where this is headed based on 1100's refusal to come to an agreement. To be sure, Owner intends to trigger the payment dispute resolution procedures in the agreement. Our review of the invoices and back-up may also lead to further action by Owner. Since the review of supporting documentation to assess 1100's invoices and the attempt to resolve this dispute by expedited arbitration are within Owner's rights under the agreement, Owner expects that 1100 will continue to honor its contractual obligations by continuing to perform its services. Finally, while it need not be said based on 1100's rejection of John's last offer, John's offer has been withdrawn.

I am happy to discuss.

Jon


**Jonathan A. Grippo**
Direct (212) 878-5141
Direct Fax (212) 878-5541

jgrippo@goulstonstorrs.com

**goulston**&storrs
885 Third Avenue * 18th Floor * New York, New York 10022

**************************************************************************

**This communication is intended only for the use of the individual or entity named as the addressee. It may contain information which is privileged and/or confidential under applicable law. If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at (212) 878-6900 or via return Internet e-mail to jgrippo@goulstonstorrs.com and expunge this communication without making any copies. Thank you for your cooperation.**

---

**From:** Jack Van Horne <jvh@reeveandvanhorne.com>
**Sent:** Friday, October 16, 2020 1:29 PM
**To:** Grippo, Jonathan <JGrippo@GOULSTONSTORRS.com>
**Subject:**

Jon,

I have a Brief deadline today so can't talk

So here it is.

You can pay in full ("we're not a bank").  Unless you want to add something additional—$500,000 now;  $100,000 by Jan 1;  and 100,000 by March 1.

Or, pay $655,000 and you can have the drawings.

Let me know.

Thanks.

Sincerely,


Jack

John L. Van Horne III
REEVE & VAN HORNE, ESQS.
65 North Dean Street
Englewood, NJ 07631
P- (201) 568-3160
F- (201) 568-1348
C- (201) 658-5371
jvh@reeveandvanhorne.com

**ATTENTION!!   FRAUD ALERT!!!:**
**Never wire transfer money to our account(s) without calling this office and speaking with someone personally to confirm wire information.  Even if an e-mail looks like it has come from this office, or someone involved in your transfer, please call first to verify the information before initiating any wire transfer.  You will never be instructed to wire money related to a closing without verbal confirmation.  Do not accept e-mailed instructions from anyone without voice verification.**